JAMES E. MOONEY, TR. v. CHARLES C. RICHARDSON, AUD. ET AL.

1. ESSENTIAL THAT COMPLAINT BE MADE BY ONE INTERESTED IN NEW EQUALIZATION.
   A board of review, sitting as an annual board of equalization obtains jurisdiction only by a complaint of an owner of real estate interested in a new equalization.

2. EQUALIZATION EXERCISED OVER ALL REAL ESTATE IN MUNICIPALITY.
   Equalization, while ordinarily confined to lots or lands in the immediate vicinity of the lots complained of, may be exercised over real estate within municipal limits though not in the same locality or district; but it cannot be exercised to effect a general revaluation.

APPEAL.

**Burch & Johnson,** for plaintiff.

**L. A. Ireton, W. R. Collins, W. M. Schoenle** and **G. T. Poor,** for defendant.

Mooney v. Richardson.

**GIFFEN, J.**

In order to give the board of review, sitting as an annual board of equalization, jurisdiction over the property of plaintiff, it was not necessary that a complaint be filed against the valuation of his property, but only by an owner of real estate interested in a new equalization. *Davies* v. *Land Invest. Co.* 76 Ohio St. 407 [81 N. E. Rep. 755].

The land of such owner may be grossly overvalued as compared with a large number of lots in the same locality or district which are relatively uniform in value, and yet the amount deducted from the valuation of the former may be distributed over the latter so as to make the entire group uniform in valuation. It is this process of equalization that makes the number of parcels of land acted upon so disproportionate to the number of complaints entertained and extends and enlarges the inquiry by the board.

Ordinarily the equalization should be confined to lots or lands in the immediate vicinity of the lots complained of, but as the power of the board is coextensive with the boundaries of the municipal corporation it may, in a proper case, be exercised over lots or land not in the same locality or district but within the corporation. It may not, however, be exercised for the purpose of a general revaluation of the real estate in any locality or district, and where the additions are largely in excess of the reductions such purpose will be inferred. There is nothing in the evidence to show that the action of the board was unjust or arbitrary to the extent at least of adding to his lot a proportionate amount of the reductions made in the valuation of other lots. Indeed the statement filed by him with the board before action taken shows "our views as to increase" are substantially the same as those finally adopted by the board.

We are of the opinion, therefore, that the plaintiff is entitled to an injunction restraining the collection of the excess over his proportionate share of the additions rendered necessary by the reductions of $——— made by the board.

The taxes paid voluntarily cannot be recovered; but the taxes paid for the first half of 1906 may be applied to the payment of the legal tax for the whole year. *Cincinnati* v. *James*, 55 Ohio St. 180 [44 N. E. Rep. 925].

Decree accordingly.

**Swing** and **Smith, JJ.,** concur.